UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>              Plaintiff,<br><br>   v.<br><br>VIGIL,<br><br>              Defendant. | Case No. 14-cr-00561-YGR-1 (KAW)<br><br>ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |

## I.   BACKGROUND

On January 8, 2009, Defendant Chance Antonio Vigil was sentenced to 77 months in custody and 48 months of supervised release for Possession with intent to distribute at least 5 grams of methamphetamine, in violation of 21 U.S.C. Section 841(a)(1). On October 6, 2016, Defendant's probation officer filed a petition alleging that Defendant, on a number of occasions, violated the conditions of his supervised release. The alleged violations were the commission of another federal, state or local crime (pimping, pandering, and human trafficking) and association with a convicted felon without permission. The Duty Judge found probable cause and issued a no bail warrant for Defendant's arrest on October 6, 2016.

On October 11, 2016, a hearing was held on the Government's motion to detain Defendant pending his supervised release violation hearing. Defendant was present, in custody, and represented by Deputy Public Defender Joyce Leavitt. Special Assistant United States Attorney Zachary Glimcher appeared on behalf of the Government. Probation Officer J.D. Woods was also present. For the reasons stated below, the court orders that Defendant be detained.

## II.   LEGAL ANALYSIS

Defendant's sentence for the Class B felony included a 48 month term of supervised release pursuant to 18 U.S.C. § 3583(b).  In so ordering, the Court imposed conditions of supervision, including the standard condition prohibiting the commission of another federal, state or local crime.

On or about, Defendant was arrested for violating the statutory condition that he shall not commit another federal, state or local crime.  Since Defendant is charged with a supervised release violation, the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community rests with the defendant.  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143. If the court finds that there is probable cause to believe that a defendant committed a felony while on supervised release, a rebuttable presumption arises that no conditions or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.18 U.S.C. Section 3148(b). If the court finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the court shall treat the person in accordance with the provisions of section 3142 and may amend the conditions of release accordingly. *Id*. Defendant's underlying conviction was for possession with intent to distribute methamphetamine, a felony very similar to the violation alleged in the Form 12.

Specifically, the Form 12 alleges that on September 30, 2016, Mr. Vigil was arrested by Vallejo police officers for alleged violations of Health and Safety Code Section 11378 – possession of a controlled substance for sale, a felony, and California Health and Safety Code Section 11379(a) – transportation of a controlled substance, a felony. Vigil was pulled over by police detectives on patrol when he failed to stop at a stop sign. During the traffic stop, the detectives noticed Vigil making overt movements and reaching around the vehicle causing them to believe Vigil was concealing something. When the detectives contacted him, Vigil seemed very nervous and admitted to being on probation. Vigil's girlfriend and their child were also in the vehicle. The girlfriend also seemed very nervous, and the detectives told her they believed she was concealing something for Vigil. The girlfriend then gave the detectives a digital scale and two

pieces of plastic tied in a knot. Each piece contained approximately one half ounce of crystal methamphetamine. Vigil admitted that the narcotics belonged to him and consented to a search of his home. Vigil had more methamphetamine located in a closet. Detectives located a large freezer bag containing approximately one half pound of methamphetamine and another bag containing four grams was found in a dresser drawer.

Vigil's criminal history includes multiple convictions of possession of stolen property, auto theft and burglary. And the offense alleged in the Form 12 is of the same type he was convicted of in this case. This is Defendant's third Form 12 since his release in 2013.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that there is probable cause to believe that Mr. Vigil has committed two felonies while on supervised release. And he has not overcome the presumption that there are no conditions or combination of conditions that can be imposed to mitigate the risk of non-appearance or danger to the community.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: November 14, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge